# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS                      *

Plaintiff                               *

v                                       *        Civil Action No. ELH-17-1712

FREDERICK MOTZ,                         *
FELICIA CANNON,
CATHERINE BLAKE, and                    *
U.S. GOVERNMENT
                                        *
Defendants
                                      ***

## MEMORANDUM

Plaintiff Alexander Jiggetts, who is self-represented, has filed a civil rights complaint — the seventh in the space of about a month — against Judge J. Frederick Motz, Chief Judge Catherine Blake, Clerk of Court Felicia Cannon, and the United States Government. ECF 1. He takes issue with the assignment of his cases to Judge Motz. *Id.*

The complaint was filed along with a motion to proceed in forma pauperis. ECF 2. The motion shall be granted.

### I.  Background

Since 2006, Jiggetts has filed between 30 and 50 cases in this Court, and apparently all but two have been assigned to Judge Motz. *Id.* Jiggetts complains that Judge Motz has either dismissed the cases without even requiring service, or he has ruled in favor of the state defendants. *Id.* Further, Jiggetts maintains that some of the orders of dismissal contain offensive comments regarding Jiggetts' mental status, in violation of the Eighth Amendment.

According to Jiggetts, if his cases were not automatically assigned to Judge Motz, he would have an opportunity to redress what he feels are legitimate grievances. Instead, Judge

Motz "always sides with the state because he used to work for the state." *Id.* Moreover, he complains that Judge Motz "has already made up his mind" as to plaintiff's cases, and the assignment of these cases to Judge Motz "segregates" plaintiff and is "a form of slavery which was outlawed in the constitution." *Id.*

Jiggetts does not seek monetary damages, but states he is suing in order "to stop" this "pattern of segregating and discriminative behavior" and "also for the government to assign more judges to this District Court." *Id.* And, Jiggetts seeks an injunction prohibiting the assignment of his cases to Judge Motz. ECF 1 at 2.

Jiggetts acknowledges that he does not know how cases are assigned in this Court. *Id.* Moreover, he does not know which one of the three named individual defendants is responsible for assigning cases, and wants the case assignment policy explained to him. *Id.*

## I. Discussion

The filing of a complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee. However, to guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This court is mindful of its obligation to construe liberally the submissions of a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, in evaluating the complaint, the factual allegations are assumed to be true. *Pardus*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that the court may ignore a clear failure in the complaint to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see*

*also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, however, the court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

The administrative assignment of cases to federal judges on this court does not implicate the Eighth Amendment, nor does it constitute slavery. The case assignment system does not give rise to a claim.

The heart of the complaint concerns the assignment of Judge Motz to Jiggetts' cases. Jiggetts seeks to bar Judge Motz from handling his cases. Put another way, he seeks the recusal of Judge Motz.

Pursuant to 28 U.S.C. §144, recusal can be considered whenever a party to any proceeding files a sufficient affidavit stating that the judge before whom a case is assigned has a personal bias or prejudice either against that party or in favor of another party. Another section of the code, 28 U.S.C. §455, requires a federal judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." Any alleged bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). And, due process may sometimes demand recusal even when a judge has no actual bias if, for instance, "'the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable.'" *Rippo v. Baker,* ____ U.S. ____, 137 S. Ct. 905 (2017) (citation omitted); *see also Williams v. Pennsylvania*, 579 U.S. ____, 136 S. Ct. 1899, 1905 (2016).

In the future, as in the past, Jiggetts is entitled to file a motion for recusal of the judge assigned to hear his case, so long as there is a legitimate basis for him to do so. However, disagreement with the substance of decisions issued by a judge is not a basis for recusal. Rather, it is a basis for an appeal. If Jiggetts was unhappy with Judge Motz's rulings, he had the right to pursue his grievances through appellate review. For example, if Jiggetts believes he filed a meritorious claim that was improperly dismissed, an appeal to the Court of Appeals for the Fourth Circuit is the appropriate remedy.

Moreover, the doctrine of judicial immunity shields judges from monetary claims against them, in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam). This doctrine protects a judge from suit by a litigant unhappy with the judge's comments in a judicial ruling.

Judicial immunity provides absolute immunity from suit, so long as the alleged conduct was taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. In *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978), the Supreme Court said: "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *See also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08–CV–135–H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010) (unpublished) (claims against a judicial officer barred by judicial immunity).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an

unconstitutional conviction. The Court explained the rationale for judicial immunity, *id.* at 553-54:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences"... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

Accordingly, any characterization of Jiggetts' claims by Judge Motz that were offensive to Jiggetts are statements protected from civil liability by the doctrine of judicial immunity.

## II. Conclusion

For all these reasons, the complaint fails to state a claim upon which relief may be granted. Therefore, it must be dismissed.

A separate Order follows.

Date: June 29, 2017

_____/s/_____
Ellen L. Hollander
United States District Judge